UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:20-cr-00251-JPH-TAB |
| DARELL ROLAND, | ) ) | -01 |
| Defendant. | ) ) | |

**ORDER DENYING MOTION TO SUPPRESS**

Darell Roland is charged with possession of a firearm by a convicted felon. He has filed a motion to suppress the evidence in this case, including the firearms recovered from his vehicle and his statement to police. For the reasons below, the motion is **DENIED**. Dkt. [20].

**I.
Facts and Background**

The following facts come from the parties' briefs, dkt. 21; dkt. 25, and the search warrant and application, dkt. 21-1, and are thus treated as undisputed unless otherwise noted. *See United States v. Juarez*, 454 F.3d 717, 719–20 (7th Cir. 2006) (finding no evidentiary hearing required on motion to suppress unless defendant "provide[s] sufficient information to enable the court to conclude that a substantial claim is presented and that there are disputed issues of material fact which will affect the outcome of the motion"); *United States v. Clark*, 935 F.3d 558, 568 (7th Cir. 2019) ("[T]he burden is on the defendant to support his motion to suppress.").

1

In the early morning hours of July 9, 2020, officers with the Indianapolis Metropolitan Police Department ("IMPD") were called to St. Vincent Hospital on a report of a person shot. Dkt. 21 at 2. At the hospital, officers spoke to the shooting victim, Robert Banks, who told the officers that he had been shot but did not know who shot him. *Id.* at 3. Mr. Banks also told the officers that, after being shot, he had called Mr. Roland, who drove him to the hospital. *Id.*

Officers also spoke to Mr. Roland, who confirmed that he had driven Mr. Banks to the hospital in his vehicle, a Buick Park Avenue, which was parked in the hospital parking lot. Dkt. 25 at 2; dkt. 21 at 2. Officers found Mr. Roland's vehicle, which had "blood in plain view on the front passenger seat and two handguns in plain view on the backseat floorboard." *Id.*; dkt. 21 at 3.

Officers submitted an application for a search warrant to a Marion County, Indiana, judge. Dkt. 25 at 2. The application requested authorization to search the Buick Park Avenue for and seize firearms and specified related items; cartridge casings and bullets; documents showing ownership and/or other occupants of the vehicle; DNA, trace evidence and latent prints; and photographs/video of the interior and exterior of the vehicle. *Id.*; dkt. 21-1 at 5. The search warrant affidavit stated:

> On July 9, 2020, at approximately 2:17 a.m., Officer Jacob Hunter of IMPD was dispatched to St. Vincent Hospital located at 2001 W 86th St. to investigate a walk-in person shot. Upon arrival, Officers came into contact with Robert Banks who stated that he was shot in the area of 79th St. and Michigan Rd. Mr. Banks had multiple apparent gunshot wounds to his hip. Officers located Darell Roland who stated that he drove Mr. Banks to the hospital in his gray 2000 Buick Park Avenue with Indiana License Plate# 223RJU with VIN# [removed]. Officers observed blood in plain view

2

      on the front passenger seat and two handguns in plain view on the backseat floorboard.

Dkt. 21-1 at 4.

    The judge granted the application and issued the search warrant.  Dkt. 21-1 at 7.  Officers then searched Mr. Roland's vehicle and recovered two firearms.  Dkt. 21-1 at 8, 16; dkt. 25 at 2.

    During an interview with officers, Mr. Roland stated that the Buick Park Avenue and the guns and ammunition located inside of it belonged to him.  Dkt. 21-1 at 16; dkt 27.  He also stated that he had convictions for robbery and possession of cocaine.  *Id.*  Officers checked Mr. Roland's criminal history and found that he had prior convictions for robbery and possession of cocaine.  *Id.*

    Mr. Roland is charged with possessing firearms as a convicted felon.  Dkt. 1.  He filed this motion to suppress evidence, arguing that the search of his vehicle violated the Fourth Amendment.  *See* dkt. 20.

## II.
## The Exclusionary Rule

    The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  U.S. Const. Amend. IV.  To "compel respect" for this constitutional guarantee, the Supreme Court fashioned the exclusionary rule.  *United States v. Martin*, 807 F.3d 842, 846 (7th Cir. 2015) (citing *Davis v. United States*, 564 U.S. 229 (2011)).  The exclusionary rule "often requires trial courts to exclude unlawfully seized evidence in a criminal trial" and is "the principal judicial

remedy to deter Fourth Amendment violations." *Utah v. Strieff*, 136 S. Ct. 2056, 2061 (2016).

However, the rule "exacts a heavy toll on both the judicial system and society at large" because its effect "is to suppress the truth and set the criminal loose in the community without punishment." *Martin*, 807 F.3d at 846 (quoting *Davis*, 564 U.S. at 237). So the rule applies only when "its deterrence benefits outweigh its substantial social costs." *Strieff*, 136 S. Ct. at 2061. Suppression is the "last resort" rather than the "first impulse." *Id.*

### III.
### Discussion

Mr. Roland argues that the officers did not have probable cause to search his vehicle and that evidence recovered after the search is fruit of the poisonous tree. Dkt. 20 at 3. "Probable cause for a search warrant exists when the supporting affidavit presents a total set of circumstances creating a 'fair probability' that evidence of a crime will be found." *United States v. Zamudio*, 909 F.3d 172, 175 (7th Cir. 2018) (citing *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). The duty of a reviewing court is to ensure that the issuing judge had a "substantial basis" for concluding "that a search would uncover evidence of wrongdoing." *Gates*, 462 U.S. at 236.

Here, the Marion County judge who issued the search warrant knew the following facts from the affidavit submitted in support of the search warrant:

- IMPD officers were dispatched to St. Vincent Hospital at 2:17 a.m. to investigate a walk-in person shot.

- The victim, Mr. Banks, had multiple gunshot wounds.

- Mr. Roland was at the hospital and stated that he drove Mr. Banks to the hospital in his (Mr. Roland's) vehicle, a gray 2000 Buick Park Avenue.

- When looking at Mr. Roland's Buick, officers observed blood in plain view on the front passenger seat and two handguns in plain view on the backseat floorboard.

Dkt. 21-1 at 4 (search warrant affidavit).

Based on this information, the Marion County judge was entitled to draw the reasonable inference that there was a "fair probability" that some evidence related to a crime would be found in Mr. Roland's vehicle. *See Zamudio*, 909 F.3d at 176.

Mr. Roland may be correct that the affidavit did not establish probable cause that the guns in the car belonged to him or that his possession of them was unlawful. But specificity regarding the crime being investigated and those suspected of having committed the crime was not required. Thus, it was not necessary for the affidavit to establish probable cause that Mr. Roland was the person who shot Mr. Banks, or that Mr. Roland was suspected of having committed any crime. Instead, "[p]robable cause for a search warrant exists when the supporting affidavit presents a total set of circumstances creating a 'fair probability' that evidence of a crime will be found." *Id.* at 175.

Here, there was ample evidence that a crime had been committed as Mr. Banks had been shot multiple times. And the circumstances were suspicious. It was the middle of the night and Mr. Roland brought Mr. Banks to the

5

hospital in a car with guns lying on the seats along with a pool of Mr. Banks' blood. The affidavit thus "contain[ed] facts that, given the nature of the evidence sought and the crime alleged, allow[ed] for a reasonable inference that there [was] a fair probability that evidence would be found" in Mr. Roland's vehicle. *See id.* at 176.

Mr. Roland's argument that the search warrant was "defective" because the warrant application did not inform the judge that Mr. Banks did not see who shot him does not warrant suppression. Dkt. 21 at 3. A warrant application need not include every fact known to officers for a magistrate judge to find probable cause. *See United States v. Bradford*, 905 F.3d 497, 503 (7th Cir. 2018) (finding a search warrant facially valid even where warrant application left out adverse information bearing on witness credibility). While Mr. Roland alleges that the submitting officer "left out material facts and that those omissions were intentional or made with reckless disregard for the truth," dkt. 21 at 3, those conclusory statements are not supported by evidence or an evidentiary proffer. *See Franks v. Delaware*, 438 U.S. 154, 172 (1978) (noting that "allegations must be accompanied by an offer of proof"). So even if omission of that information was material to the probable cause determination, "[c]onsidering the warrant application as a whole, the omission of [this] fact . . . was not fatal to the magistrate's probable cause finding." *Bradford*, 905 F.3d at 505; *see also Franks*, 438 U.S. at 172.[1]

---

[1] Because the search warrant was supported by probable cause, the Court does not address the government's other arguments.

Last, Mr. Banks argues that the affidavit did not establish probable cause because it did not show or clearly support the reasonable inference that "a crime had been committed in the vehicle or that the vehicle had been used to commit a crime." Dkt. 31 at 2. But "probable cause 'does not require direct evidence linking a crime to a particular place.'" *Zamudio*, 909 F.3d at 175. Regardless of where the shooting may have taken place, the relevant question is whether the affidavit gave the Marion County judge a substantial basis for concluding that "evidence of a crime" would be found in the Buick Park Avenue. *Id.* It did, so the Court's role in reviewing the judge's finding of probable cause goes no further. *Id.*

## IV.
## Conclusion

Because the judge had a substantial basis for concluding that probable cause existed, Mr. Roland's motion to suppress is **DENIED**. Dkt. [20].

**SO ORDERED.**

Date: 7/28/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Joseph Martin Cleary
INDIANA FEDERAL COMMUNITY DEFENDERS
joe_cleary@fd.org

Abhishek Kambli
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
abhishek.kambli@usdoj.gov